UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MCCONAUGHEY,

                Plaintiff,

        v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.

21-CV-6137 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    On July 18, 2021, Plaintiff Sergeant Michael McConaughey commenced this action against his employer, the Port Authority of New York and New Jersey (the "Port Authority"), asserting claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. *See* ECF No. 1. Following the close of discovery, the Port Authority moved for summary judgment on all claims, *see* ECF No. 55, which McConaughey has opposed, *see* ECF No. 59. For the reasons that follow, the motion is denied.

    Federal Rule of Civil Procedure 56 authorizes a court to grant summary judgment if the movant establishes that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).[1] A fact is "material" if it "might affect the outcome of the suit under the governing law," and it is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To be entitled to summary judgment, the moving party has the initial burden of demonstrating that no genuine issue of material fact exists. *See Brown v. Eli Lilly & Co.*, 654 F.3d

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

347, 358 (2d Cir. 2011). If it satisfies this burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011).

McConaughey joined the Port Authority's Public Safety Department in 2013, *see* R. 56.1 Counter-Statement ¶ I.8, ECF No. 67 ("R. 56.1 Stmt."), at which time he identified as a woman, *id.* ¶ I.9. Although the parties dispute the exact date, it is undisputed that, by late 2018, McConaughey was in the process of transitioning to living as a man. *See id.* ¶¶ I.13, II.19–20.

McConaughey alleges that he was subjected to a hostile work environment after his gender transition, Compl. ¶¶ 46–53, ECF No. 1, and that, following several complaints of discrimination that he filed in late 2019, he was subjected to retaliation that the Port Authority "engaged in, sanctioned, or knowingly failed to halt," *id.* ¶ 58. The Port Authority responds, first, that most of the acts underlying McConaughey's hostile work environment claim are time-barred and, second, that he has nonetheless failed to establish a prima facie case for either claim.

In general, as a prerequisite to a Title VII suit against the Port Authority, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged act of discrimination. *See Dezaio v. Port Auth. of NY & NJ*, 205 F.3d 62, 64 (2d Cir. 2000). If he fails to do so, the claims will be time-barred. *See id.* However, under the continuing-violations doctrine, hostile work environment claims "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019). "Accordingly, if any act falls within the statutory time period, a court needs

to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice." *Ball v. Marriott Int'l, Inc.*, 627 F. Supp. 3d 296, 314 (S.D.N.Y. 2022). "[W]hile an act contributing to the hostile environment must take place within the statute of limitations period for the claim to be timely, that contributing act does not need to be actionable on its own." *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 186 (S.D.N.Y. 2023). Mindful of the "fact-specific" and "amorphous" nature of hostile work environment claims, the Second Circuit has instructed courts to make an "individualized assessment of whether incidents and episodes are related." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010).

Here, McConaughey filed a Charge of Discrimination with the EEOC on March 21, 2020, and the Port Authority thus argues that his claims of discrimination for acts that occurred before September 23, 2019 are time-barred. The Court disagrees. McConaughey has proffered evidence of numerous post-September 23, 2019 acts that were similar in nature to the earlier acts, occurred in essentially the same environment and with relative frequency, involved many of the same individuals, and can therefore can be considered part of the same allegedly hostile work environment as the earlier acts. *See Ball*, 627 F. Supp. 3d at 314–15 (summarizing factors relevant to relatedness analysis). These include incidents involving Sergeant Brenneck, *see* Lee Decl., Ex. E at 82–83, 108–13, Officer Abromopoulos, *see id.*, Ex. E at 301–03, and various other Port Authority employees, *see, e.g., id.*, Ex. K, as well as the Port Authority's purportedly inadequate handling of McConaughey's complaints, *see id.*, Ex. T. Accordingly, the Court concludes that McConaughey's post-September 23, 2019 claims are sufficiently related to his earlier ones and are not time-barred.

With respect to the merits, there exist genuine disputes of material fact that preclude

3

summary judgment. For example, the parties dispute the circumstances of McConaughey's requests to use the men's locker room and to change his official records, as well as the Port Authority's handling of those requests. *See* R. 56.1 Stmt. ¶¶ I.13–14, II.19–25. The parties also dispute the frequency, nature, and—in some cases—existence of the harassment that McConaughey experienced, *id.* ¶¶ I.20, I.23, I.31, I.39, I.46, II.30–37, II. 39–42, the Port Authority's handling of his complaints of discrimination, *id.* ¶¶ I.43, and the facts surrounding Brenneck's purported retaliation against him, *id.* ¶¶ II.49–54, II.57–58, II.61–64. Many of these issues turn on "[a]ssessments of credibility and choices between conflicting versions of the events" and are thus "matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

Accordingly, the Port Authority's motion for summary judgment is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 55.

Within one week of the date of this order, the parties shall file a joint letter advising the Court of the expected length of trial and proposing trial dates from January 2025 through April 2025.

SO ORDERED.

Dated:   December 18, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge