UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MCCONAUGHEY, <br><br>                                    Plaintiff, <br><br>                   v. <br><br> PORT AUTHORITY OF NEW YORK AND NEW JERSEY, <br><br>                                    Defendant. | 21-CV-6137 (RA) <br><br> MEMORANDUM <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Trial in this action is scheduled to commence on this morning. On June 30, 2025, the Court received each party's objections to the other's proposed evidence. On July 11, 2025, the Court held a final pretrial conference, during which it heard argument on those objections and directed the parties to file supplemental briefing on certain issues no later than July 13, 2025. Having considered the parties' arguments, the Court rules as follows:

1. **Plaintiff's Opening Statement**

Plaintiff's counsel have indicated their intention to discuss Plaintiff's Exhibit ("PX") 31 during their opening statement. Counsel may advise the jury that they expect the jury to see PX 31 and may discuss its contents. They may not, however, use PX 31 as an exhibit during their opening statement.

More generally, Plaintiff's counsel may advise the jury that they expect the jury to hear about various allegedly discriminatory and harassing statements made by Port Authority employees and may discuss the substance of those statements.

2. **Plaintiff's Memo Book Entries (PX 56, 60, 68, 71, 82, 108)**

These exhibits may be admitted pursuant to Fed. R. Evid. 803(1), provided Plaintiff lays

an adequate foundation. *See See Okoroafor v. City of New York*, No. 07-CV-9387, 2013 WL 5462284, at *2 n.3 (S.D.N.Y. Sept. 25, 2013); *Dymskaya v. Orem's Diner of Wilton, Inc.*, No. 3:12-CV-00388, 2015 WL 1038394, at *2 n.2 (D. Conn. Mar. 10, 2015).

3. **Plaintiff's "Flysheet" Compilations (PX 59, 75, 106, 110)**

    These exhibits may not be admitted into evidence but may be used to refresh Plaintiff's recollection.

4. **Plaintiff's "Handwrittens" (PX 17, 18, 21, 23, 34, 39, 72, 81, 101, 107)**

    These exhibits may be admitted into evidence subject to the following limiting instruction.

    a. Plaintiff has introduced various complaints into evidence. Complaints contain allegations rather than statements of proven facts. These complaints are not being offered for their truth and you should not consider whether what is alleged in them is or is not true. Rather, this evidence is offered to prove that Defendant knew or should have known that Plaintiff alleged he experienced a hostile work environment. You must decide whether the complaints provided or should have provided Defendant such notice.

    Additionally, some of the complaints Plaintiff has introduced into evidence contain language alleging that Defendant and/or its employees violated various federal, state, and local laws and regulations. You must not consider these allegations for any purpose other than decide whether the complaints provided or should have provided Defendant notice of Plaintiff's complaints. Ultimately, it is for you, as jurors, to determine whether Defendant violated applicable law, about which I will instruct you at the conclusion of trial.

    Plaintiff shall excise from these exhibits any attached federal, state, or local laws and regulations. Plaintiff shall provide further information to the Court regarding PX 36.

5. **Plaintiff's EEO Complaints and EEOC Charges**

    a. **PX 35, 41, 52, 91, 95:** Defendant has not objected to the admission of these exhibits. Accordingly, they may be admitted into evidence subject to the limiting instruction provided above.

    b. **PX 50, 54, 55:** In light of Defendant's objection, and because Plaintiff has indicated he does not intend to offer these exhibits to prove the truth of the matters asserted therein,

2

but only notice, the Court does not see the relevance of the identities of the individuals named in these complaints. Accordingly, these exhibits may not be admitted into evidence. Plaintiff may, however, testify that he filed three additional complaints with the EEO Office, and may provide the dates of those complaints.

**6. Evidence Pertaining to Plaintiff's Promotion**

Given the narrow hostile work environment theory presented in this case, neither the fact of Plaintiff's promotion nor any exhibits related thereto will not be admitted into evidence. *Cf. Anderson v. New York City Health & Hosps. Corp.*, No. 16-CV-1051, 2020 WL 2866960, at *32 (S.D.N.Y. Mar. 2, 2020), *report and recommendation adopted,* No. 16-CV-1051, 2020 WL 1528101 (S.D.N.Y. Mar. 31, 2020). The fact that Plaintiff has been promoted may, however, be obvious to the jury from his change in rank. To the extent Plaintiff testifies or elicits testimony concerning his qualifications or achievements as an employee, the Court will permit Defendant to offer evidence of his promotion.

**7. Testimony of Terrance McKee**

Defendant has indicated its intent to call Terrance McKee as a witness, and has proffered that he will testify to contradict Plaintiff's testimony concerning alleged incidents involving Joseph Brenneck. Plaintiff objects to McKee's testimony on the grounds that Defendant failed to include him in its Rule 26 disclosures.

Rule 26(a)(1) requires the disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Additionally, Rule 26(a)(3)(A)(i) requires the pretrial disclosure of the witnesses a party intends to call at trial "other than solely for impeachment."

3

"Calling a witness to impeach the testimony of another witness normally involves eliciting contradictory testimony from the impeaching witness." *Chavez-DeRemer v. Sarene Servs., Inc.*, No. 2:20-CV-3273, 2025 WL 1127703, at *3 (E.D.N.Y. Apr. 16, 2025). The doctrine of "impeachment by contradiction, which operates as a limited exception to Rule 608(b)," "provides that when a witness puts certain facts at issue in his testimony, the [opposing party] may seek to rebut those facts, including by resorting to extrinsic evidence if necessary." *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010) (quotation marks omitted). "[I]t is well-settled that a trial judge has broad discretion to prevent a defendant from calling witnesses for impeachment purposes on collateral matters." *Nappi v. Yelich*, 793 F.3d 246, 252 n.3 (2d Cir. 2015).

Defendant was not required to disclose Terrance McKee as a witness insofar as his testimony is limited to impeachment. The alleged incidents involving Joseph Brenneck are central to the allegations in this case and thus are not a collateral matter. Accordingly, the Court will permit McKee to testify for the limited purpose of impeaching Plaintiff's testimony by contradiction.[1] Defendant may not elicit testimony from McKee regarding any other issue.

8. **Affidavit of Aaron Woody**

Plaintiff's objection to the use of Aaron Woody's affidavit is sustained. *See* Fed. R. Evid. 801(c), 802.

9. **Plaintiff's Medical Records (Defendant's Exhibits ("DX") 28–32)**

The portions of these medical records that pertain only to Plaintiff's physical health and treatment will not be admitted into evidence. *See* Fed. R. Evid. 401. However, because Plaintiff

---

[1] In any event, given the importance of McKee's testimony and the fact that Plaintiff was "well aware of [McKee's] identity . . . and the scope of [his] knowledge well before trial," Defendant's failure to include him in in its disclosures was harmless. *Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686, 2022 WL 409618, at *13 (E.D.N.Y. Feb. 10, 2022); *see also Besiso v. Barnes*, No. 16-CV-9461, 2023 WL 8279674, at *2 (S.D.N.Y. Nov. 30, 2023).

seeks damages for emotional distress, the portions of these records that relate to his then-existing mental state and his expectations about the transition process and its after-effects are relevant. *See id.* Accordingly, Plaintiff shall advise the Court whether he objects to the admission of those portions of these records.

### 10. Charges and Specifications against Justin Abramopaulos (DX 21)

Plaintiff's objection to this exhibit is sustained. Defendant's failure to produce this document in discovery precludes its use at trial. *See* Fed. R. Civ. P. 37(c)(1). Defendant may, however, elicit testimony from any witness with knowledge concerning discipline against Abramopaulos, which is relevant to this action. To the extent Abramopaulos is unavailable to testify, Defendant may offer the portion of his deposition testimony in which the discipline is discussed.

### 11. Defendant's Opening Statement

In light of the Court's ruling on DX 21, Defendant may neither reference nor describe that document in its opening statement. It may, however, discuss the discipline against Abramopaulos to the extent the same is discussed in his deposition testimony. If Defendant has a good-faith basis to believe that any other witness will provide testimony regarding the discipline against Abramopaulos, and it seeks to describe that expected testimony during its opening statement, it shall so advise the Court.

Plaintiff seeks to preclude Defendant from suggesting in its opening statement that Defendant's efforts to remediate the alleged hostile work environment were "stymied by the police union." *See* ECF No. 93. If Defendant has a good-faith basis to believe that any witness will provide testimony to that effect, it shall so advise the Court. Otherwise, Defendant may not reference such issues during its opening statement.

SO ORDERED.

Dated:    July 14, 2025
         New York, New York

                                              _____
                                              Ronnie Abrams
                                              United States District Judge