UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MCCONAUGHEY,

                Plaintiff,

      v.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                Defendant.

No. 21-CV-6137 (RA)

<u>ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

       After a six-day trial, the jury found in favor of defendant, Port Authority of New York and

New Jersey. The Clerk of Court is respectfully directed to upload to ECF the Court Exhibits from

trial, each of which is attached to this Order:

1. Court Exhibit 1: *Voir Dire* Questionnaire
2. Court Exhibit 2: Draft Jury Charges Discussed at Charge Conference
3. Court Exhibit 3: Jury Charge Provided to Jury
4. Court Exhibit 4: Jury Note
5. Court Exhibit 5: Jury Note
6. Court Exhibit 6: Jury Note
7. Court Exhibit 7: Jury Note
8. Court Exhibit 8: Jury Note
9. Court Exhibit 9: Jury Note
10. Court Exhibit 10: Verdict Sheet

SO ORDERED.

Dated:    July 22, 2025
          New York, New York

                                Ronnie Abrams
                                United States District Judge

COURT EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
MICHAEL MCCONAUGHEY,                              :
:
                              Plaintiff,          :
:                **<u>Voir Dire Questionnaire</u>**
        v.                                        :
:                No. 21-CV-6137 (RA)
PORT AUTHORITY OF NEW YORK AND                    :
NEW JERSEY,                                       :
:
                              Defendant.          :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DESCRIPTION OF THE CASE

This lawsuit arises from Plaintiff Michael McConaughey's employment as a Police Officer in the Port Authority Police Department ("PAPD"), an arm of the Port Authority of New York and New Jersey (the "Port Authority"). McConaughey joined the PAPD in 2013, at which time he identified as a woman. By late 2018, he had begun the process of transitioning to living as a man.

McConaughey claims that he was subjected to a hostile work environment after his gender transition. The Port Authority disputes that claim. You will need to determine whether McConaughey was subjected to a hostile work environment and whether he is entitled to damages.

QUESTIONS FOR JURORS

Please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question and informing the Court when asked. If your answer to a question is "**no**," you need not do anything. Do not write your name or make any other marks on the questionnaire. If, when asked about a "**yes**" answer, you prefer not to explain your answer in open court, please say so and we will talk in a more private setting.

I.    **General Questions**

1.  Based on my summary, do you have any personal knowledge of the facts or allegations in this case?

2.  Have you heard, read, or seen anything through the media, internet, or any other source about this case?

3. Based on what you have been told about this case so far, do you have any opinion as to whether the Port Authority should be held liable for the allegations against it?

4. Do you have any opinions regarding the nature of the allegations that may prevent you from being a fair and impartial juror?

5. This trial is expected to last approximately two weeks, though it could take a little less time than that. The jury will typically sit from 10:00 a.m. to 5:00 p.m., beginning today through the conclusion of the trial. Do you have any physical problem, disability, medical issue, or other personal or emotional hardship that may distract you or otherwise interfere with your ability to serve on the jury in this case?

6. Do you have any difficulty reading or understanding English?

7. Do you have any difficulty with your vision or hearing that could affect your ability to serve as a juror?

8. Are you taking any medication that may prevent you from giving your full attention to the trial?

9. Is there any other reason why you may not be able to give your full attention to the trial, or serve responsibly as a juror?

## II.     Knowledge of the Parties, Counsel, and Court Staff

10. Do you know me, Judge Ronnie Abrams; my courtroom deputy, Allison Cavale; or my law clerk, Jake Sidransky?

11. The plaintiff in this case is Michael McConaughey.  His prior legal names are listed on the last page of this questionnaire.  Do you or, to your knowledge, does anyone close to you know Michael McConaughey or anyone close to him?

12. The defendant, Port Authority, is a bi-state agency, the statutory mission of which is to develop terminal, transportation and other facilities within the port of New York district. It employs approximately 1,800 individuals as police officers to provide public safety at its facilities.

13. Have you, or to your knowledge, has anyone close to you ever been employed by or otherwise affiliated with the Port Authority, either as police officers or otherwise?

14. Do you have any opinion about the Port Authority; good, bad, or otherwise?

15. The parties in this case are represented by the following law firms and attorneys: Shane Seppinni and Megan Jones of Seppinni Law and Michael K. Halper of Halper Law represent McConaughey; and Megan Lee and Cheryl Alterman of the Port Authority Law Department represent the Port Authority.

Have you or, to your knowledge, has anyone close to you ever been employed by or had any relationship with any of these attorneys or their law firms?  Are you familiar with any of these lawyers or the firms?

16. Do you personally know any of the following individuals who may be witnesses in this matter or referenced during the trial?

    a.  Aaron Woody (PAPD)
    b.  Collin Corcoran (PAPD)
    c.  Fallon Mullen (PAPD)
    d.  Gary Collins
    e.  Gregory Rose (PAPD)
    f.  Howard Fisher, MD (Port Authority)
    g.  Joseph Brenneck (PAPD)
    h.  Justin Abramopolous (PAPD)
    i.  Laura Stein, LMSW (Mt. Sinai)
    j.  Mary Lee Hannell (Port Authority)
    k.  Michael Brown (PAPD)
    l.  Michael Thomas (Port Authority)
    m.  Nancy Farrell (PAPD)
    n.  Natalynn Dunson-Harrison (Port Authority)
    o.  Scot Pomerantz (PAPD)
    p.  Shauna Parker (PAPD)
    q.  Stephanie Lewis Desire (Port Authority)
    r.  Steven Yablonsky (PAPD)
    s.  Teresa Martinez (Port Authority)
    t.  Terrance McKee (PAPD)

17. As you look around the room, do you recognize anyone else you know?

## III.    Experience with the Courts, Jury Service, and Legal Education

18. Have you ever taken legal courses of any kind?

19. Have you ever served on a jury?  How many times?  For each case, please explain if it was a civil or criminal case, in federal or state court, and if you reached a verdict.

20. Have you or, to your knowledge, has anyone close to you ever been involved in any lawsuit or employment discrimination proceeding (such as an Equal Employment Opportunity Commission proceeding) either as the party filing the lawsuit, the party being sued, or as a witness?  If so, please explain what kind of case it was and what the outcome was.

21. Have you, or to your knowledge, has anyone close to you ever been a witness at a deposition or administrative hearing in any type of case?

22. Have you or, to your knowledge, has anyone close to you ever retained an attorney?

23. Do you follow any legal cases or trials?

## IV.    General Views on Litigation

24. Do you have any opinions, positive or negative about lawyers, judges, or the courts, that may prevent you from being a fair and impartial juror in this case?

25. Do you believe that simply because someone brings a lawsuit or claims against someone else, that it must mean the person deserves to recover?

26. If you found that the plaintiff has proven his case, would you have any qualms about awarding damages against the other side, if supported by the evidence?

27. Would you have any difficulty awarding monetary damages for solely emotional injuries (such as emotional distress), if supported by the evidence?

28. If you found that the plaintiff has not proven his case, would you hesitate for any reason to render a verdict in favor of the defendant?

## V.    Views on Law Enforcement

29. Have you or, to your knowledge, has anyone close to you ever worked in law enforcement?

30. Might you consider the testimony of members of law enforcement differently from the testimony of other witnesses?

31. Is there anything else about your views on law enforcement that may prevent you from being a fair and impartial juror in this case?

## VI.    Experience with Discrimination

32. Have you or, to your knowledge, has anyone close to you ever been the subject of discrimination based upon race, sex, ethnicity, gender identity, or transgender status?

33. Have you or, to your knowledge, has anyone close to you ever been accused of discrimination based upon race, sex, ethnicity, gender identity, or transgender status?

## VII.    Views on Gender Identity

34. Have you or, to your knowledge, has anyone close to you ever identified as transgender?

35. Do you have any issues with a person choosing to use pronouns (he/she/they) consistent with their gender identity?

36. Do you have any issues with a person choosing to use a name consistent with their gender identity?

37. Would you be bothered by being asked to call a person by a name or pronouns of their choosing?

38. Might you consider the testimony of a transgender person differently from the testimony of other witnesses?

39. The Supreme Court has held that federal law prohibits discrimination based on transgender status. Might you have any difficulty following that law?

40. Is there anything else about your views on transgender people that may prevent you from being a fair and impartial juror in this case jury?

## VIII.    Function of the Jury/Summary Questions

41. The function of the jury is to decide questions of fact. However, when it comes to the law, you must listen to my instructions and accept and apply the law as I explain it. You may not substitute your own notions of what the law is or what you think it should be. Might you have any difficulty following, or do you have any strongly held opinions that may prevent you from following, this instruction?

42. Do you have any bias, sympathy, religious issue, or any other concern that may prevent you from rendering a fair and impartial verdict in this case? If you did feel some sympathy for one of the parties, would you have trouble putting aside those emotions and deciding the case solely on the facts, and on the law as I explain it to you?

43. It would be improper for you to consider any personal feelings you may have about the parties' race, religion, national origin, gender identity, age, sexual orientation, disability, or physical appearance, including in assessing the credibility of witnesses. Would you have any difficulty following that instruction?

44. Do you know of any other reason that would prevent you from fairly considering the evidence in this case and reaching an impartial result?

45. Aside from the questions that have already been asked, is there anything else you believe that this Court, the plaintiff, or the defendant might want to know in deciding whether you should be selected to serve as a juror in this case?

**IX.**          **Questions for Individual Jurors**

1.      What neighborhood do you live in?  (If fewer than five years, state where else you have lived in the last five years.).

2.      How far did you go in school and what did you study?

3.      If you are employed, who is your employer?  (If retired or unemployed, for whom did you last work?)

4.      What is your job title and what are your responsibilities?

5.      How long have you been employed in your current position?  (If fewer than five years, where else have you worked in the last five years?)

6.      Have you ever owned or managed a business?

7.      Who are the members of your household and what are their occupations?

8.      What is your marital status?

9.      Do you have children, and, if so, how old are they?  (If you have grown children, what are their occupations?)

10.     How do you get your news?

11.     What, if anything, do you enjoy reading?

12.     What, if any, television shows do you watch on a regular basis?

13.     What, if any, talk radio programs or podcasts do you listen to?

14.     What, if any, websites or social media platforms do you use on a regular basis?

15.     Are you a member of any organizations?

16.     What do you like to do in your spare time?

17.     Name a public person, dead or alive, other than a relative, friend, or associate, whom you admire.

**<u>Plaintiff's Prior Legal Names</u>**

1. Myisha McConaughey

2. Myisha Wilson

COURT EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MCCONAUGHEY,

               Plaintiff,

      v.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

               Defendant.

No. 21-CV-6137(RA)

DRAFT 7/16/2025

## JURY INSTRUCTIONS

## Table of Contents

I.    GENERAL INSTRUCTIONS ................................................................................. 3

    A.    Introductory Remarks ................................................................................ 3

    B.    Role of the Court ....................................................................................... 3

    C.    Role of the Jury ......................................................................................... 4

    D.    Role of Counsel ......................................................................................... 4

    E.    Sympathy or Bias ...................................................................................... 5

    F.    All Persons Equal Before the Law ............................................................ 6

    G.    Burden of Proof ......................................................................................... 6

    H.    What Is and Is Not Evidence .................................................................... 7

    I.    Direct and Circumstantial Evidence ......................................................... 8

    J.    Witness Credibility ................................................................................... 9

    K.    Use of Depositions as Evidence .............................................................. 11

    L.    Prior Inconsistent Statement ................................................................... 11

    M.    All Available Witnesses or Evidence Need Not Be Produced ............................. 12

II.    SUBSTANTIVE INSTRUCTIONS ................................................................... 13

    A.    Element 1: Membership in a Protected Class .......................................... 13

    B.    Element 2: Severe or Pervasive Harassment .......................................... 14

    C.    Element 3: Harassment based on Transgender Status ............................ 14

    D.    Element 4: Imputing Conduct to the Port Authority ............................... 15

III.    DAMAGES ......................................................................................................... 16

    A.    Compensatory Damages .......................................................................... 16

    B.    Nominal Damages .................................................................................... 17

IV.    DELIBERATIONS OF THE JURY ................................................................... 18

    A.    Selection and Duties of Foreperson ........................................................ 18

    B.    Right to See Exhibits and Hear Testimony; Communication with the Court ...... 18

    C.    Notes ........................................................................................................ 19

    D.    Duty to Deliberate; Unanimous Verdict ................................................. 19

    E.    Verdict Form ............................................................................................ 20

    F.    Return of Verdict ..................................................................................... 20

V.    CONCLUSION ................................................................................................... 21

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate.  Nonetheless, feel free to just listen for now.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you

must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

To the extent that I asked questions of certain witnesses, you are to draw no inference from that fact.  Any such questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  The Court has no opinion as to the verdict you should render in this case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.

Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against him or her or their client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

### E.        Sympathy or Bias

Under your oath as jurors you are not to be swayed by sympathy or prejudice. Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof. It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, gender identity, age, sexual orientation, disability, or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### F.    All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  You should consider and decide this case as a dispute between parties of equal standing before the law, and of equal worth.  All persons and entities deserve fair, impartial, and conscientious consideration by you.  All parties expect that you will fairly and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### G.    Burden of Proof

This is a civil case, and the plaintiff has the burden of proving his claim by a preponderance of the evidence.  This means that he must prove by a preponderance of the evidence each and every disputed element of his claim.  If you find that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simply equality of evidence—the party must prove the

element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In this case, only the plaintiff has brought a claim.  Accordingly, he has the burden of proving each element of his own claim.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### H.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  Testimony that I may have stricken or excluded, however, is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your

recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers to those questions that are evidence. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read on the internet, in the news media or anything outside of this courtroom may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

## I.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

### J.    Witness Credibility

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How

did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case. A witness may be inaccurate,

contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### K.    Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition testimony.  The deposition consisted of sworn answers of the witness to questions asked by attorneys for the parties to the case in advance of the trial.  Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had testified from the witness stand.

### L.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement by someone who is not a plaintiff or a defendant is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation

for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Where, however, the witness is the plaintiff or the defendant, and who by a prior statement has admitted some fact or facts against her, his, or its interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness. Again, how much, if any, weight to be given to the prior statement is up to you.

## M.    All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.  The plaintiff, Michael McConaughey, has asserted one claim against the Defendant, the Port Authority of New York and New Jersey, which I will refer to as the Port Authority.  He alleges a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII").  That statute states in pertinent part that it is unlawful for an employer:

> to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

To succeed on his hostile work environment claim, McConaughey must prove each of the following by a preponderance of the evidence:

1. that he was a member of a protected class;

2. that he suffered harassment that was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive working environment;

3. that the harassment was because of his transgender status; and

4. that the conduct is imputed to the Port Authority.

The Port Authority denies that it discriminated against McConaughey and contends it afforded him all of the protections under federal law.

You should consider each element of the claim separately and determine whether McConaughey has proven the element of the claim by a preponderance of the evidence.

### A.    Element 1: Membership in a Protected Class

First, McConaughey must prove he was a member of a protected class.  The parties do not dispute this.  The parties have stipulated that McConaughey is a transgender man.  Title VII's prohibition on sex discrimination encompasses discrimination based on transgender status.

### B.    Element 2: Severe or Pervasive Harassment

Next, for McConaughey to prove a hostile work environment under Title VII, he must establish that his workplace was permeated with discriminatory intimidation, ridicule, and/or insult.  The conduct must be severe or pervasive enough so as to alter his conditions of employment.

In making this assessment, you should consider the totality of the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with McConaughey's job performance.  No single factor is required in order for you to find that he was subjected to a hostile work environment.  Usually, the incidents must be more than episodic; they must occur with enough regularity to affect the plaintiff's workplace.  Even a single incident, however, if it is extraordinarily severe, can make a workplace hostile.

McConaughey must show both that a reasonable person would find the working environment to be hostile or abusive, and that he himself perceived it to be so. In other words, McConaughey must meet both an objective and subjective test.

### C.    Element 3: Harassment based on Transgender Status

The third element that McConaughey must prove by a preponderance of the evidence is that he was harassed because of his transgender status.  When I say "because of," I mean that you must decide whether McConaughey has proven by a preponderance of the evidence that the fact that he is transgender was a motivating factor in the harassment, even if other factors also motivated that conduct.  He does not have to establish that his transgender status was the sole or principal reason for the harassment.  To prevail on his claims of a hostile work environment,

however, it is not enough for him to show that the work environment was generally harsh, unfriendly, unpleasant, crude, or vulgar for all employees.

### D. Element 4: Imputing Conduct to the Port Authority

Fourth, McConaughey must prove that there is a specific basis for imputing the discriminatory conduct that created the hostile work environment to the Port Authority. McConaughey must prove either (1) that the Port Authority failed to provide a reasonable avenue for him to complain about the treatment, or (2) both (a) that the Port Authority knew, or in the exercise of reasonable care should have known, about the harassment; and (b) that it failed to take appropriate remedial action.

The Port Authority is deemed to have known of the harassment if an employee knew of the harassment and the employee's knowledge is imputed to the Port Authority. The employee's knowledge is imputed to the Port Authority if (1) that employee is at a sufficiently high level in the Port Authority's management hierarchy to qualify as a proxy for the Port Authority, or (2) the employee is charged with a duty to act on the knowledge and stop the harassment, or (3) the employee is charged with a duty to inform the Port Authority of the harassment.

In determining the appropriateness of the Port Authority's response, you should consider whether the response was immediate or timely and appropriate in light of the circumstances.

*** 

This concludes my instructions as to the elements of McConaughey's Title VII hostile work environment claim. If you find that McConaughey has established each element by a preponderance of the evidence, then you must return a verdict in his favor. If, however, you find that he has failed to prove one or more of these elements by a preponderance of the evidence, then you must return a verdict for the Port Authority.

15

## III.    DAMAGES

If you find in favor of Mr. McConaughey, you must also decide the amount of damages that he should be awarded.  I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find in favor of the plaintiff in accordance with my other instructions.

If you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs, which will be decided by the Court.  If you make any award of damages, that award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### A.    Compensatory Damages

If you find a violation of McConaughey's rights, then he is entitled to collect damages for the injuries he has proven by a preponderance of the evidence were caused by that violation. The damages must be fair and reasonable, neither inadequate nor excessive. You should not award damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered because of the violation. It is McConaughey's burden to prove the amount of damages and to prove that the damages were caused by the harassment.

The purpose of a damage award is to compensate McConaughey for the actual harm he suffered, if any, as a direct result of the violation.  The purpose of such an award of compensatory damages is not to punish the Port Authority.  There is no exact standard for fixing the compensation

to be awarded for these damages. Any award you should be fair in light of the evidence presented at trial.

Compensatory damages may include damages for pain, suffering, humiliation, mental anguish, or emotional distress. In order to recover damages for mental and emotional distress, McConaughey must present credible testimony with respect to the claimed distress. Psychiatric or other medical treatment is not a precondition to recovery. Nor is a plaintiff required to prove his claim through expert medical testimony. There is no requirement that evidence of the monetary value of such intangible things as mental anguish be introduced into evidence.

### B.    Nominal Damages

If you determine that McConaughey has proven that the Port Authority is liable for a violation of his rights, but that he suffered no injury as a result of this violation, you must award him "nominal damages." "Nominal damages" are awarded as recognition that a party's rights have been violated without any resulting financial damage. You may also award nominal damages if, upon finding that some injury resulted from a violation, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages; either McConaughey was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages. Nominal damages may not be awarded for more than a token sum, such as $1.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

Before you begin deliberating, you should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please keep in mind that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the court security officers.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

18

### C.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your

discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision. Your verdict will be organized according to a Special Verdict form. This form will assist you in reaching a verdict. It lists the questions you must resolve based on the instructions that I have given you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

### F.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## V.    CONCLUSION

Jury service is a duty of citizenship; it is also a great privilege. The jury system is the bedrock of our entire justice system.  It dates back to the earliest days of our nation when the right to a trial by jury was enshrined in two separate amendments to our Constitution. The Constitution vests the judicial power of the United States in one supreme court and in those other courts that Congress sees fit to establish.  This is one of those courts.  This Court, the Southern District of New York, has been functioning since 1789.  It was the very first U.S. court to hold session under our then-new constitution. It did so even before the first session of the United States Supreme Court.

Since those earliest days in our nation's history — through wars, through economic depressions, through pandemics — jurors like you have been asked to decide cases. And your role is just the same as that of the countless jurors before you. You must be entirely fair and impartial to both parties. You must decide the case only on the evidence before you. And you must follow my instructions on the law. This is hard but important task – doing justice fairly and impartially. But I am confident that you will fulfill your duty with the utmost care and, I hope, pride.

COURT EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MCCONAUGHEY,

                    Plaintiff,

            v.

PORT AUTHORITY OF NEW YORK AND                No. 21-CV-6137(RA)
NEW JERSEY,

                    Defendant.

**<u>JURY INSTRUCTIONS</u>**

## Table of Contents

I.  GENERAL INSTRUCTIONS ................................................................................ 3

    A.  Introductory Remarks .......................................................................... 3

    B.  Role of the Court .................................................................................. 3

    C.  Role of the Jury .................................................................................... 4

    D.  Role of Counsel .................................................................................... 4

    E.  Sympathy or Bias ................................................................................. 5

    F.  All Persons Equal Before the Law ....................................................... 6

    G.  Burden of Proof ................................................................................... 6

    H.  What Is and Is Not Evidence ............................................................... 7

    I.  Direct and Circumstantial Evidence .................................................... 8

    J.  Witness Credibility .............................................................................. 9

    K.  Use of Depositions as Evidence ........................................................ 11

    L.  Prior Inconsistent Statement ............................................................. 11

    M.  All Available Witnesses or Evidence Need Not Be Offered .............. 12

II.  SUBSTANTIVE INSTRUCTIONS ................................................................ 13

    A.  Element 1: Membership in a Protected Class ..................................... 13

    B.  Element 2: Severe or Pervasive Harassment ..................................... 14

    C.  Element 3: Harassment based on Transgender Status ........................ 14

    D.  Element 4: Imputing Conduct to the Port Authority .......................... 15

III.  DAMAGES ....................................................................................................... 16

    A.  Compensatory Damages ..................................................................... 16

    B.  Nominal Damages .............................................................................. 17

IV.  DELIBERATIONS OF THE JURY ................................................................ 18

    A.  Selection and Duties of Foreperson ................................................... 18

    B.  Right to See Exhibits and Hear Testimony; Communication with the Court ...... 18

    C.  Notes .................................................................................................. 19

    D.  Duty to Deliberate; Unanimous Verdict ............................................ 19

    E.  Verdict Form ...................................................................................... 20

    F.  Return of Verdict ............................................................................... 20

V.  CONCLUSION .................................................................................................. 21

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate.  Nonetheless, feel free to just listen for now.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you

must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts. Any opinion I might have regarding the facts is of absolutely no consequence.

To the extent that I asked questions of certain witnesses, you are to draw no inference from that fact. Any such questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. The Court has no opinion as to the verdict you should render in this case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence.

Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against him or her or their client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

E.      **Sympathy or Bias**

Under your oath as jurors you are not to be swayed by sympathy or prejudice. Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof. It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, gender identity, age, sexual orientation, disability, or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### F.      All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  You should consider and decide this case as a dispute between parties of equal standing before the law, and of equal worth.  All persons and entities deserve fair, impartial, and conscientious consideration by you.  All parties expect that you will fairly and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### G.      Burden of Proof

This is a civil case, and the plaintiff has the burden of proving his claim by a preponderance of the evidence.  This means that he must prove by a preponderance of the evidence each and every disputed element of his claim.  If you find that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simply equality of evidence—the party must prove the

element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In this case, only the plaintiff has brought a claim. Accordingly, he has the burden of proving each element of his own claim.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

### H.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. Testimony that I may have stricken or excluded, however, is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your

recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers to those questions that are evidence. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read on the internet, in the news media or anything outside of this courtroom may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

## I.     Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

## J.    Witness Credibility

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How

did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case.  A witness may be inaccurate,

contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### K.    Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition testimony.  The deposition consisted of sworn answers of the witness to questions asked by attorneys for the parties to the case in advance of the trial.  Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had testified from the witness stand.

### L.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement by someone who is not a plaintiff or a defendant is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation

for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Where, however, the witness is the plaintiff or the defendant, and who by a prior statement has admitted some fact or facts against her, his, or its interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness. Again, how much, if any, weight to be given to the prior statement is up to you.

### M.    All Available Witnesses or Evidence Need Not Be Offered

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to offer as exhibits all papers and things mentioned in the evidence in the case.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.  The plaintiff, Michael McConaughey, has asserted one claim against the Defendant, the Port Authority of New York and New Jersey, which I will refer to as the Port Authority.  He alleges a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII").  That statute states in pertinent part that it is unlawful for an employer:

> to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

To succeed on his hostile work environment claim, McConaughey must prove each of the following by a preponderance of the evidence:

1. that he was a member of a protected class;

2. that he suffered harassment that was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive working environment;

3. that the harassment was because of his transgender status; and

4. that the conduct is imputed to the Port Authority.

The Port Authority denies that it discriminated against McConaughey and contends it afforded him all of the protections under federal law.

You should consider each element of the claim separately and determine whether McConaughey has proven the element of the claim by a preponderance of the evidence.

### A.    Element 1: Membership in a Protected Class

First, McConaughey must prove he was a member of a protected class.  The parties do not dispute this.  The parties have stipulated that McConaughey is a transgender man.  Title VII's prohibition on sex discrimination encompasses discrimination based on transgender status.

13

### B.    Element 2: Severe or Pervasive Harassment

Next, for McConaughey to prove a hostile work environment under Title VII, he must establish that his workplace was permeated with discriminatory intimidation, ridicule, and/or insult.  The conduct must be severe or pervasive enough so as to alter his conditions of employment.

In making this assessment, you should consider the totality of the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with McConaughey's job performance.  No single factor is required in order for you to find that he was subjected to a hostile work environment.  Usually, the incidents must be more than episodic; they must occur with enough regularity to affect the plaintiff's workplace.  Even a single incident, however, if it is extraordinarily severe, can make a workplace hostile.

McConaughey must show both that a reasonable person would find the working environment to be hostile or abusive, and that he himself perceived it to be so. In other words, McConaughey must meet both an objective and subjective test.

### C.    Element 3: Harassment based on Transgender Status

The third element that McConaughey must prove by a preponderance of the evidence is that he was harassed because of his transgender status.  When I say "because of," I mean that you must decide whether McConaughey has proven by a preponderance of the evidence that the fact that he is transgender was a motivating factor in the harassment, even if other factors also motivated that conduct.  He does not have to establish that his transgender status was the sole or principal reason for the harassment.  To prevail on his claims of a hostile work environment,

however, it is not enough for him to show that the work environment was generally harsh, unfriendly, unpleasant, crude, or vulgar for all employees.

### D.    Element 4: Imputing Conduct to the Port Authority

Fourth, McConaughey must prove that there is a specific basis for imputing the discriminatory conduct that created the hostile work environment to the Port Authority. McConaughey must prove either (1) that the Port Authority failed to provide a reasonable avenue for him to complain about the treatment, or (2) both (a) that the Port Authority knew, or in the exercise of reasonable care should have known, about the harassment; and (b) that it failed to take appropriate remedial action.

The Port Authority is deemed to have known of the harassment if an employee knew of the harassment and the employee's knowledge is imputed to the Port Authority. The employee's knowledge is imputed to the Port Authority if (1) that employee is at a sufficiently high level in the Port Authority's management hierarchy to qualify as a proxy for the Port Authority, or (2) the employee is charged with a duty to act on the knowledge and stop the harassment, or (3) the employee is charged with a duty to inform the Port Authority of the harassment.

In determining the appropriateness of the Port Authority's response, you should consider whether the response was immediate or timely and reasonable in light of the circumstances.

***

This concludes my instructions as to the elements of McConaughey's Title VII hostile work environment claim. If you find that McConaughey has established each element by a preponderance of the evidence, then you must return a verdict in his favor. If, however, you find that he has failed to prove one or more of these elements by a preponderance of the evidence, then you must return a verdict for the Port Authority.

## III.    DAMAGES

If you find in favor of Mr. McConaughey, you must also decide the amount of damages that he should be awarded.  I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find in favor of the plaintiff in accordance with my other instructions. If you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs, which will be decided by the Court.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### A.    Compensatory Damages

If you find a violation of McConaughey's rights, then he is entitled to collect damages for the injuries he has proven by a preponderance of the evidence were caused by that violation. The damages must be fair and reasonable, neither inadequate nor excessive. You should not award damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered because of the violation. It is McConaughey's burden to prove the amount of damages and to prove that the damages were caused by the harassment.

The purpose of a damage award is to compensate McConaughey for the actual harm he suffered, if any, as a direct result of the violation.  The purpose of such an award of compensatory damages is not to punish the Port Authority.  There is no exact standard for fixing the compensation to be awarded for these damages.  Any award you should be fair in light of the evidence presented at trial.

Compensatory damages may include damages for pain, suffering, humiliation, mental anguish, or emotional distress. In order to recover damages for mental and emotional distress, McConaughey must present credible testimony with respect to the claimed distress. Psychiatric or other medical treatment is not a precondition to recovery. Nor is a plaintiff required to prove his claim through expert medical testimony. There is no requirement that evidence of the monetary value of such intangible things as mental anguish be introduced into evidence.

### B.    Nominal Damages

If you determine that McConaughey has established the elements of his claim but has not proven by a preponderance of the evidence any injury or emotional distress meriting compensatory damages, then you must return an award of nominal damages not to exceed the sum of one dollar. You may not award both nominal and compensatory damages; either McConaughey was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you must award nominal damages.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

Before you begin deliberating, you should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please keep in mind that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the court security officers.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### C.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your

19

discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision. Your verdict will be organized according to a Special Verdict form. This form will assist you in reaching a verdict. It lists the questions you must resolve based on the instructions that I have given you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

### F.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## V.     CONCLUSION

Jury service is a duty of citizenship; it is also a great privilege. The jury system is the bedrock of our entire justice system.  It dates back to the earliest days of our nation when the right to a trial by jury was enshrined in two separate amendments to our Constitution. The Constitution vests the judicial power of the United States in one supreme court and in those other courts that Congress sees fit to establish.  This is one of those courts.  This Court, the Southern District of New York, has been functioning since 1789.  It was the very first U.S. court to hold session under our then-new constitution. It did so even before the first session of the United States Supreme Court.

Since those earliest days in our nation's history — through wars, through economic depressions, through pandemics — jurors like you have been asked to decide cases. And your role is just the same as that of the countless jurors before you. You must be entirely fair and impartial to both parties. You must decide the case only on the evidence before you. And you must follow my instructions on the law. This is hard but important task – doing justice fairly and impartially. But I am confident that you will fulfill your duty with the utmost care and, I hope, pride.



Friday July 18th, 2025
16:29
Juror 5 is foreperson

COURT EXHIBIT

4

17:39  7.18, 25

Question for Court

Are we allowed to know
if typically the union is
involved for suspension
approvals or was it
clarified in transcript?

COURT EXHIBIT

5

17:49

17:52 Friday July 18th, 2025

Jury goes home and
return 10 am Monday

BJS

COURT EXHIBIT
6

COURT EXHIBIT

7

July 21, 11:50 am
Law Question from Charge
    Can we get clarity on the charge
        'alter his conditions of employment'
What those does alter mean?
    What does conditions mean?    BtS

July 21, 2025
according to the record, was it clarified
if other transgender offices interacted
w/ High up/Management or ERGs
① Brown
② Desire
③ Hannell          COURT EXHIBIT
④ etc          Bt Sa          8

Monday July 21st, 13:48

the jury has reached

a decision

By S

COURT EXHIBIT

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MCCONAUGHEY,

              Plaintiff,

       v.

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

              Defendant.

**VERDICT SHEET**

No. 21-CV-6137 (RA)

**Please answer the questions in the order they are presented.
All jurors must agree on the answers to all of the questions.**

## I.    HOSTILE WORK ENVIRONMENT

1. Has Plaintiff Michael McConaughey proven by a preponderance of the evidence that Defendant Port Authority of New York and New Jersey subjected him to a hostile work environment in violation of Title VII?

   YES _____    NO ___X___

*If your answer to Question 1 is "YES," continue to Question 2. If your answer to Question 1 is "NO," your deliberations are complete and you should not proceed further, except to date and sign this verdict form and return it to the courtroom.*

2. Has Plaintiff Michael McConaughey proven by a preponderance of the evidence that he is entitled to receive compensatory damages?

   YES _____    NO _____

*If your answer to Question 2 is "YES," continue to Question 3. If your answer to Question 2 is "NO," proceed to Question 4.*

3. If yes, what amount of compensatory damages do you award?

   $ _____

4. If no, what amount of nominal damages (not to exceed one dollar), if any, do you award?

   $ _____

**You are finished. Please write your juror numbers in the spaces provided below, fill in the date, and inform the court officer that you have reached a verdict.**

5                                          1
_____                        _____
Foreperson

2                                          8
_____                        _____

3                                          6
_____                        _____

#7                                         4
_____                        _____

**Dated:** July 21, 2025

2